UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVINDER SINGH,

    Petitioner,

       v.

BRIAN ENGLISH,

    Respondents.

CAUSE NO. 3:26-CV-278-CCB-SJF

## <u>OPINION AND ORDER</u>

Immigration detainee Davinder Singh, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) The court must give the petition liberal construction since Mr. Singh is proceeding without the benefit of counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Singh is a native of India who entered the United States in 2015 seeking asylum. (ECF 6-2 at 3.) He was immediately taken into custody by Immigration and Customs Enforcement (ICE) agents but was subsequently released on bond. (ECF 6-3 at 3.) His immigration case was continued multiple times in the ensuing years. (*Id.*) In 2024 and 2025, he was convicted of possession of a controlled substance, driving while intoxicated, and theft of a vehicle in Kentucky. (ECF 6-2 at 10-25.) After he completed his custodial sentence for the later offenses, he was taken into custody by ICE in September 2025 pursuant to an administrative warrant. (ECF 6-2 at 1.)

He was then transferred to Miami Correctional Facility, where he is being held pending the resolution of his removal proceedings.[1] (ECF 1.) He claims he has not been provided with a bond hearing before an immigration judge because the government has wrongfully classified him under 8 U.S.C. § 1225(b)(2). He alleges that his prolonged detention without an opportunity for bond is unlawful.[2] He seeks release from custody or a bond hearing.

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 3.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Warden has answered the petition (ECF 6), and the time has expired for Mr. Singh to file a reply.

---

[1] The court notes that Mr. Singh claims in his petition that he has no scheduled proceedings in immigration court until 2027. (ECF 1 at 7.) However, the limited information publicly available on the website of the Executive Office for Immigration Review (EOIR) reflects that the immigration judge has ordered him removed, and an appeal to the Board of Immigration Appeals is due April 20, 2026. If he is unaware of the status of these proceedings, he should seek additional information from the EOIR.

[2] The Attorney General, or her delegate, may decide to redetain a noncitizen who is out on bond where there are "changed circumstances," such as where the noncitizen has arrests or convictions while out on bond. *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Mr. Singh does not raise any issue about his re-detention by immigration officials after he was convicted of criminal offenses. As the court understands it, his claim relates instead to his entitlement to review of their decision by an immigration judge. *See* 8 C.F.R. § 236.1(d)(1); 8 C.F.R. § 1003.19.

The Warden repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Singh is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 6.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[3] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Singh who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On

---

[3] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the alien; and (2) may release the alien on (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole" (in plain terms, release on one's own recognizance) until removal proceedings conclude. 8 U.S.C. § 1226(a).

Here, Mr. Singh was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 6-2 at 1.) However, he has not been given an opportunity for a bond hearing before an immigration judge because officials concluded that he is ineligible for bond under § 1225(b)(2). (ECF 6.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753 (N.D. Ind. Jan. 12, 2026) (Brisco, J.). If the government does not provide him with an individualized bond hearing then he must be released, because his continued detention without an opportunity for bond is unlawful.[4] 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

For these reasons, the court:

---

[4] Because the court concludes that Mr. Singh is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his continued detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

(1) **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS the Warden to release Davinder Singh on or before **April 9, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Warden to file proof of compliance with this order by **April 11, 2026.**

SO ORDERED on April 1, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

5